### LEE, Respondent, *v.* WIGHTMAN, Appellant.

*(Supreme Court, General Term, Second Department.   December 14, 1891.)*

Appeal from circuit court, Westchester county.

Action by Ambrose Lee against Andrew J. Wightman.

Argued before BARNARD, P. J., and PRATT, J.

*George H. Bruce*, for appellant.   *Edward F. O'Dwyer*, for respondent.

DYKMAN, J.   This is an action for the recovery of commissions as a real-estate broker.   The cause was tried at the circuit before a jury, and a verdict was rendered for the plaintiff.   The defendant has appealed from the judgment entered upon the verdict, and from the order denying a motion for new trial upon the minutes.   The appeal presents no scope for the action of an appellate tribunal.   The testimony is somewhat contradictory, and there was room for the jury to criticise the character of both of these parties.   The verdict has sufficient support in the testimony, and the judgment and order denying the motion for a new trial should be affirmed, with costs.

---

### *In re* TOWNSEND'S WILL.

*(Supreme Court, General Term, Second Department.   December 14, 1891.)*

Appeal from surrogate's court, Orange county.

Petition by William Townsend to revoke the probate of the last will and testament of William Townsend, deceased.   The petition was denied, and petitioner appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*A. H. F. Seeger*, for appellant.   *M. H. Hirschberg*, for respondents.

DYKMAN, J.   This is an appeal from the decree of the surrogate of Orange county, denying the petition for the revocation of the probate of the last will and testament of William Townsend, deceased.   The testator died December 1, 1889, leaving a will dated November 24, 1889, which was proved and admitted to probate January 30, 1890.   Within a year thereafter, and on the 26th day of December, 1890, this proceeding was instituted, and resulted in a decree which was made March 19, 1891, confirming the probate of the will. We discover no merit in this appeal, and a careful examination of the testimony conducts the mind easily to the conclusion reached by the surrogate. The will is a natural one under the circumstances in which the testator was placed, and his brother, who alone might deem the discrimination against him unjust, has acquiesced in its proof, and collateral relatives alone contest its validity.   The proof of the competency of the testator is overwhelming, and the testimony against it is quite unsatisfactory.   There are no circumstances of suspicion attending the making of the will, and its execution was in all respects regular.   We find no error, and the decree should be affirmed, with costs.